UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

ROBIN ELAINE GRAY            Chapter 7
                                       Case No. 17-53289-MAR
       Debtor.                           Hon. Mark A. Randon
_____/

STUART A. GOLD, TRUSTEE,

       Plaintiff,

v.                                                  Adversary No.

JUSTIN AYLER

       Defendant.
_____/

## **COMPLAINT**

Stuart A. Gold, the Chapter 7 Trustee of Justin Ayler, by his counsel, Sandra O'Connor Law, PLLC, and for his Complaint, states as follows:

### **Jurisdiction**

1. This is an adversary proceeding brought pursuant to 11 U.S.C. §§ 544 & 550, Fed. R. Bankr. P. 7001(1) and M.C.L. §§ 566.34(b), 566.35(1) and 566.37 to avoid and recover a voidable transaction.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1).

## Facts

3. On September 22, 2017, Robin Elaine Gray ("debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "petition date").

4. Plaintiff Stuart A. Gold is the duly appointed Chapter 7 Trustee of the debtor's bankruptcy estate.

5. Defendant Justin Ayler is debtor's son who resides at 7176 W. Outer Drive, Detroit, Michigan 48235.

6. The debtor was the sole owner of the real property located at 7176 W. Outer Drive, Detroit, Michigan 48235 ("the property").

7. By quit claim deed recorded on June 30, 2015, the debtor conveyed her interest in the property to the Defendant for $1.00 ("the transfer").

8. The debtor did not receive reasonably equivalent value from Defendant in exchange for the transfer.

9. At the time of the transfer, the debtor was insolvent, or became insolvent, as a result of the transfer. At least one of the debtor's existing creditors held a claim against her at the time of the transfer that remains unpaid.

## COUNT I
## Voidable Transaction

10. Plaintiff realleges and incorporates by reference paragraphs 1 through 9 of the Complaint.

11. The debtor received less than a reasonably equivalent value in exchange for the transfer and (1) was insolvent on the date of the transfer, or became insolvent as a result of the transfer; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (3) intended to incur, or believed or reasonably should have believed that she would incur, debts that would be beyond her ability to pay as her debts matured. M.C.L. §§ 566.34(1)(b), 566.35(1) and 566.37.

12. The transfer was made to or for the benefit of the Defendant and is avoidable and recoverable from Defendant by Plaintiff as a voidable transaction pursuant to 11 U.S.C. §§ 544(b), 548 and 550(a) and Sections 566.34(1)(b), 566.35(1) and 566.37 of the Michigan Uniform Voidable Transactions Act.

WHEREFORE, the Plaintiff requests that this Court enter a judgment avoiding the transfer of the property.

Respectfully submitted,

SANDRA O'CONNOR LAW, PLLC

Dated: January 9, 2018

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorneys for Plaintiff
101 West Big Beaver Road, Suite 225
Troy, MI 48084
(248) 817-6669
sandra@sandraoconnorlaw.com